IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO:** |
| **FORIS WALKER, JR.,** : | **7:24-cr-04 – WLS-TQL** |
| : | |
| **Defendant.** : | |
| _____ : | |

**ORDER**

Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Wednesday, May 1, 2024 at 3:00 p.m. and for trial on Monday, May 21, 2024 (Doc. 17). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) The Defendant filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 22) ("Motion") stating that the Federal Defenders of the Middle District of Georgia, Inc. was appointed to represent Defendant on March 26, 2024, and Defendant's first appearance occurred on March 26, 2024. Defendant's counsel received discovery on April 22, 2024 and will need additional time to review discovery with Defendant, investigate, research, and discuss the Government's case in chief with Defendant. Defendant's counsel represents that she conferred with Government's counsel, Assistant United States Attorney, Leah McEwen, and she does not oppose the Motion. Defense Counsel further states that the ends of justice served by granting the continuance "outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial."

Based on the Defendant's stated reasons, the Court finds that a continuance is required for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial, and the Court so finds based on the statements in the Motion.

1

Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).  Therefore, the Motion (Doc. 22) is **GRANTED**.  The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division August 2024 term and its conclusion, or as may otherwise be ordered by the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The May 1, 2024 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 23rd day of April 2024.

                                                  **/s/W. Louis Sands**
                                                  **W. LOUIS SANDS, SR. JUDGE**
                                                  **UNITED STATES DISTRICT COURT**